UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80110-CIV-RYSKAMP/VITUNAC



FILED by ___ D.C.

SEP 2 6 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B

JUSTIN BANGEL and
GRANT DARLING,

    Plaintiffs,

v.

SAFE PARK SYSTEMS, a
corporation doing business in Florida,
and WILLIAM M. MILLER, President,
individually,

    Defendants.
_____/

**CLOSED CASE**

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court *sua sponte*. Plaintiffs Justin Bangel and Grant Darling have set forth a claim against Defendants Safe Park Systems, Inc. and William M. Miller, individually, for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 216. Defendants failed to timely and formally respond to this action. The Clerk of Court entered a default against Defendants on May 27, 2003 **[DE 7]**.

Bangel alleges that Defendants failed to pay him wages due and owing. Bangel worked for Defendants from May 6, 2002 through June 5, 2002. During his employment, Bangel worked a total of four weeks and three days for which he was not compensated. Defendants owe Bangel $2,070.00 for his work during that time period. Additionally, Bangel worked a total of 106.5 hours at the rate of $3.00 per hour for which he was not compensated. Defendants owe Bangel $319.50 for these 106.5 hours of work. The total wages Defendants owe Bangel is $2,389.50.

Darling also alleges that Defendants failed to pay him wages due and owing. Darling

worked for Defendants from May 9, 2002 through June 1, 2002. During his employment, Darling worked a total of three weeks and two days for which he was not compensated. Defendants owe Grant $899.00 for his work during that time period.

Under the FLSA, Plaintiffs are entitled to outstanding wages, attorney fees and costs. 29 U.S.C. § 216(b). The FLSA also grants Plaintiffs the right to liquidated damages. Id. See also Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1344 (M.D. Fla. 1999) ("[I]n the Eleventh Circuit, the law is well settled that a prevailing plaintiff under 29 U.S.C. §§ 206 and 207 is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating the Fair Labor Standards Act."). The amount of an award of liquidated damages for a violation of § 206 is equal to the amount of the unpaid wages. 29 U.S.C. § 216(b).

An FLSA plaintiff receiving a default judgment is not automatically entitled to liquidated damages. Entry of a default judgment means that a defendant admits the plaintiff's well-pleaded factual allegations. Miller, 75 F.Supp at 1346. While a defaulted defendant admits well-pleaded allegations of liability, a defaulted defendant does not admit allegations as to the amount of damages. Id. The amount and character of damages is left to the determination of the Court. Id. (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2688 at 58-59 (3d ed. 1998)).

The Complaint in this action does not allege that Defendants willfully violated the FLSA. Id. (noting that Plaintiff alleged in his Complaint that defaulting Defendant willfully violated the FLSA, thereby entitling Plaintiff to an award of liquidated damages). Plaintiffs are therefore not entitled to receive liquidated damages.

Plaintiffs also submit an affidavit from their counsel stating that she expended 19.25

hours in the prosecution of this case at a rate of $250.00 per hour for a total of $4,681.28 in fees. Counsel also avers that her firm expended $256.45 in costs in the prosecution of this matter. Counsel claims a $150.00 court filing fee, $60.00 for J.D. & B. Investigations, $18.87 for postage and $27.75 for copies. Of these claimed costs, only the $150.00 court filing fee is recoverable pursuant to 28 U.S.C. § 1920.[1] Plaintiffs may not recover the cost of photocopying because they have failed to meet their burden of breaking down or showing what copies were "reasonably necessary" for trial. Johnson v. Mortham, 175 F.R.D. 313, 319 (N.D. Fla. 1997) (citing Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 352 (N.D. Ga. 1992) ("Simply making unsubstantiated claims that [documents or copies] were necessary is insufficient to permit recovery.")).

The Court notes that Counsel deducted $200.00 from her claimed costs of $256.45, presumably accounting for payment received from her clients. The $200.00 more than offsets the recoverable costs of $150.00. Plaintiffs shall therefore not recover costs. The Court being fully advised, it is hereby

---

[1] 28 U.S.C. § 1920 provides that this Court may tax as costs:

    (1) Fees of the clerk and marshal;

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

ORDERED AND ADJUDGED that FINAL JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Bangel and against Defendants in the amount of $2,389.50, with interest to accrue thereon at the current statutory rate. Let execution issue forthwith. It is further

ORDERED AND ADJUDGED that FINAL JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Darling and against Defendants in the amount of $899.00, with interest to accrue thereon at the current statutory rate. Let execution issue forthwith. It is further

ORDERED AND ADJUDGED that Plaintiffs shall recover attorney fees in the amount of $4,681.28. Let execution issue forthwith. Plaintiffs shall not recover costs in this matter. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 26 day of September, 2003.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Cathleen Scott, Esq.

William M. Miller
5381 Inwood Drive
Delray Beach, FL 33484-1103